## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| Builders Insurance Group, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Signal Mountain Construction, Inc., | ) | |
| Dr. Garrett Ka Keung Lam and | ) | |
| Jennifer Lynn Lam, J. W. Shull Roofing, | ) | |
| a.ka. Jeff Shull Roofing and | ) | |
| J. W. Roofing and Repair, | ) | No._____ |
| Dunn & Son Guttering, | ) | |
| Air Maintenance & Service Company, | ) | |
| and Josue Mejia Painting, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Builders Insurance Group, Inc., under 28 U.S.C.§§ 2201 *et seq.*, requests this Honorable Court rule upon the rights of each party. In support of this action, Plaintiff makes the following averments:

1. Plaintiff, Builders Insurance Group, Inc. (hereinafter "Builders"), is a Georgia corporation with its principal place of business at 2410 Paces Ferry Rd SE Ste. 300, Atlanta, GA 30339-1802. Builders is an insurance carrier licensed to do business in Tennessee.

2. Defendant, Signal Mountain Construction, Inc., (hereinafter "SMC") is a Tennessee corporation with a principal business office address at 601 Signal Mountain Blvd., Signal Mountain, TN 37377. SMC's registered agent for service is Jacqueline Hulgan whose address is 1706 S. Holtzclaw Avenue, Chattanooga, Tennessee 37404.

3. Defendant, J.W. Shull Roofing, also known as Jeff Shull Roofing and J.W. Shull Roofing and Repair, is believed to be a Tennessee sole proprietorship that engages in subcontracting work for roofing installation and repair. Upon information and belief, J.W. Shull Roofing can be served by service of process on Jeff Shull, 1515 Bellflower Circle, Chattanooga, TN 37421.

4. Defendant, Dunn & Son Guttering is believed to be a Georgia sole proprietorship and roofing, siding, and guttering subcontractor with a principle place of business in Rossville, Georgia. Upon information and belief, Dunn & Son Guttering can be served by service of process on Ronnie Dunn at 31 Kriswood Drive, Rossville, Georgia, 30741.

5. Defendant, Air Maintenance and Service Company, is believed to be a Tennessee sole proprietorship and hearing, ventilation, and air conditioning subcontractor with a principle place of business in Chattanooga, Tennessee. Upon information and belief, Air Maintenance can be served by service of process on Tim Ortega at 3825 Lake Vista Drive, Chattanooga, Tennessee, 37416.

6. Defendant, Josue Mejia Painting, is believed to be a Tennessee sole proprietorship and window installation subcontractor with a principle place of business in Signal Mountain, Tennessee. Upon information and belief, Josue Mejia Painting can be served by service of process of Josue Mejia at 3520 Taft Highway, Signal Mountain, Tennessee, 37377.

7. The amount in controversy exceeds $75,000.00 exclusive of interest and cost.

8. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332.

9. Venue is proper in this Court under 28 U.S.C. § 1391.

10. This is a declaratory judgment action.

11. Plaintiff is seeking a declaration related to a general liability policy it issued to Defendant SMC. Specifically, Plaintiff is seeking a declaration related to the insurance policy number GLP 0105064-00 (hereinafter the "Policy"). A copy of the Policy is attached as Exhibit A. Exhibit A is incorporated by reference as if set forth herein.

12. In accordance with Federal Rules of Civil Procedure 19 and 57 and 28 U.S.C. § 2201, Plaintiff has named the Defendants as parties because they may have claims or interests affected by this declaratory judgment action. No declaration shall prejudice the rights of persons not parties to this action.

13. Plaintiff properly named Dr. Garrett Ka Keung Lam and Jennifer Lynn Lam, J. W. Shull Roofing, a.k.a. Jeff Shull Roofing and J. W. Shull Roofing and Repair, Dunn & Son Guttering, Air Maintenance & Service Company, and Josue Mejia Painting, as Defendants in this action to ensure that it complied with Federal Rules of Civil Procedure 19 and 57 and 28 U.S.C. § 2201, to give these Defendants notice of this action, and to give them an opportunity to protect any interests they may have under the Policy or this lawsuit.

14. Builders issued the Policy to Signal Mountain Construction on May 26, 2011. The Policy was terminated on August 4, 2011.

15. On or about June 6, 2013, Dr. Garrett Ka Keung Lam and Jennifer Lynn Lam filed the following action: **Dr. Garrett Ka Keung Lam and Jennifer Lynn Lam v. Signal Mountain Construction**, Docket No. 13-0403, in the Chancery Court for Hamilton County, Tennessee (hereinafter the "Lam Complaint").

16. A copy of the Lam Complaint referenced in the preceding paragraph is attached as Exhibit B. Exhibit B is incorporated by reference as if set forth herein.

17. In the Lam Complaint, the Lams allege counts of Breach of Contract, Defective Construction, Breach of Warranty, Breach of Implied Warranty of Good Workmanship and Materials, and Misrepresentation against Signal Mountain Construction.

18. Plaintiff denies that the claims and associated damages set forth in the Lam Complaint described above come under the coverage afforded by the Policy.

19. Plaintiff denies it owes SMC indemnification pursuant to the expressed declarations of coverage, terms, conditions, definitions, endorsements, exclusions, and amendments to the Policy.

20. The dispute between Plaintiff and Defendant SMC is substantial, immediate and presents a current existing question of law properly justiciable by the Court under 28 U.S.C.§§ 2201 *et seq*.

## NOTICE

21. Under Section IV of the Policy, SMC must notify Builders "as soon as practicable of an 'occurrence' or an offense which may result in a claim."

22. The Policy states that the insured will not assume any obligation or incur any expense without SMC's consent.

23. Notice was provided by SMC to Builders on May 28, 2013.

24. SMC received correspondence from counsel for the Lams, Plaintiffs in the underlying Lam Complaint, on April 4, April 23, and May 22, 2013, regarding the anticipated lawsuit. Both the correspondence from the Lams and the Lam Complaint demonstrate that the Lams had

previously contacted SMC about their grievances multiple times prior to the correspondence on April 4, 2013.

25. A copy of the April 3, April 23, and May 22, 2013 correspondence from the Lams to SMC referenced in the preceding paragraph is attached as collective Exhibit C. Exhibit C is incorporated by reference as if set forth herein.

26. The communication between the Lams and SMC spanning July 2011 through May 2013 would lead a reasonable person to believe a lawsuit may be filed.

27. SMC did not provide timely notice to Builders of the Lams' claims for damages.

28. In July 2011 through May 2013, SMC incurred expenses and assumed obligations with regard to construction being performed at the request of the Lams without the consent of Builders in violation of Section IV of the Policy.

29. Builders has been prejudiced by the lack of timely notice by SMC.

## **BREACH OF CONTRACT**

30. Pursuant to the "Contractual Liability" exclusion contained within Section I of the Policy, the Policy does not provide coverage for property damage the insured becomes obligated to pay "by reason of the assumption of liability in a contract or agreement."

31. The Lam Complaint contains allegations that Signal Mountain entered into a contract with the Lams for the provision of a "completely renovated and fully functional residence built using good construction practices, in compliance with applicable building codes and manufacturers' warranties and free of defects."

32. Any damages occurring due to SMC's breach of contract are not covered by the Policy.

## DEFECTIVE CONSTRUCTION

33. Under the "Damage to Property" exclusion contained in Section I of the Policy, there is no coverage for property damage to the "particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

34. The "Damage to Your Work" exclusion is amended by the "Residential Faulty, Defective or Poor Workmanship Exclusion" endorsement to the Policy. Pursuant to this endorsement, there is no coverage for "any claim or 'suit' for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in 'your work' for which any insured or any insured's employees, contractors, or subcontractors may be liable." Specifically, "this exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance."

35. The Lam Complaint contains allegations of "defective construction." Specifically, the Lam Complaint alleges SMC's actions and omissions in building the residence at issue have led to the incurrence of damages, including costs to repair and diminution in value.

36. Any damages occurring due to the cost of repair or replacement of any faulty, defective or poor workmanship in SMC's work are not covered by the Policy.

## BREACH OF WARRANTY

37. The Lam Complaint contains allegations that a written "Builder's Warranty" was issued.

38. Pursuant to the "Contractual Liability" exclusion contained within Section I of the Policy, the Policy does not provide coverage for property damage the insured becomes obligated to pay "by reason of the assumption of liability in a contract or agreement."

39. The "Builder's Warranty" is a contract between SMC and the Lams. Any damages due to the breach of this contract are not covered by the policy.

## BREACH OF IMPLIED WARRANTY OF GOOD WORKMANSHIP AND MATERIALS

40. The Lam Complaint contains allegations that SMC's defective construction and omissions related to its work breached SMC's implied warranty of good workmanship and materials.

41. Pursuant to the "Damage to Property" exclusion contained in Section I of the Policy, there is no coverage for property damage to the "particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

42. Any damages resulting from a breach of the implied warranty of good workmanship and materials due to SMC's defective construction or omissions are excluded from coverage by the Policy.

## MISREPRESENTATION

43. The Lam Complaint includes a claim of misrepresentation on the part of SMC during the negotiation and purchase process and after the purchase of the home was complete.

44. Pursuant to the "Real Estate Agents or Brokers Errors of Omissions" endorsement of the Policy, there is no coverage under the Policy for any "'bodily injury,' 'property damage' or

'personal and advertising injury' arising out of any misrepresentation, error or omission" by Signal Mountain.

45. Any damages awarded as a result of a misrepresentation on the part of SMC are not covered by the Policy.

## PRIOR COMPLETED WORK

46. Pursuant to the "Prior Completed Operations Exclusion," the Policy does "not apply to 'property damage' arising out of 'your work' if 'your work' was completed... prior to the first date of coverage..."

47. The Policy was issued and coverage began on May 26, 2011. The residence at issue was sold to the Lams on June 30, 2011.

48. Any damages due to work completed by SMC prior to May 26, 2011 are not covered by the Policy.

## FUNGUS AND/OR MOLD COVERAGE

49. The Lam Complaint contains allegations regarding water intrusion and the likelihood of future mold problems as a result.

50. Pursuant to the "Limited Fungi or Bacteria Coverage endorsement" to the Policy, any property damage caused by mold is limited to $2,500.00, with an applicable $2,000 deductible.

## EXTERIOR STUCCO FINISH

51. The Lam Complaint contains allegations of problems with the exterior stucco finish of the residence at issue.

52. Pursuant to the "Exterior Insulation and Finish Systems" exclusion endorsement to the Policy, there is no coverage for any property damage caused by or attributable to the exterior insulation and finish system.

53. Despite the foregoing exclusions from coverage, Builders notified SMC that it would provide a legal defense against the Lam Complaint under a full reservation of rights based upon its duty to defend.

54. This Reservation of Rights letter referenced in the preceding paragraph is attached as Exhibit D. Exhibit D is incorporated by reference as if set forth herein.

55. All of the claims alleged in the Lam Complaint are excluded from the risks covered by Builders under the Policy.

**WHEREFORE**, premises considered, the Plaintiff respectfully prays that:

1. Process issue and be served on each of the named Defendants and that each Defendant be required to appear and answer in accordance with the Federal Rules of Civil Procedure;

2. A judgment, binding on all parties and declaring the rights and legal obligations of Builders and SMC under the Policy as set forth in the Lam Complaint, be entered under Fed. R. Civ. P. 57;

3. The Court enter an Order of Judgment declaring that Plaintiff owes no duty or indemnity to Defendant SMC pursuant to the terms of the Policy for the claims set forth in **Dr. Garrett Ka Keung Lam and Jennifer Lynn Lam v. Signal Mountain Construction**, Docket No. 13-0403, in the Chancery Court for Hamilton County;

4. An order be entered declaring that Builders' duty to indemnify SMC only extends to proven damages that are within the risks covered by the Policy, which exclude any damages as a result of SMC's defective construction and omissions, breach of contract, misrepresentation, Breach of Warranty, and that SMC is responsible for the remaining judgment;

5. That the Court order a speedy hearing of this declaratory judgment action under Federal Rule of Civil Procedure 57; and

6. The Court grant such further relief which it deems just and appropriate.

Respectfully submitted,

MOORE INGRAM JOHNSON & STEELE, LLP

s/ Brent R. Laman
Brent R. Laman, BPR No. 32214
Cedar Ridge Office Park
408 N. Cedar Bluff Road, Suite 500
Knoxville, TN 37923
(865)692-9039