# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Builders Insurance Group, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Signal Mountain Construction, Inc., ) | No. 1:14-cv-203 |
| Dr. Garrett Ka Keung Lam and ) | |
| Jennifer Lynn Lam, ) | |
| ) | |
| ) | |
| Defendants. ) | |

---

## FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
---

Plaintiff, Builders Insurance Group, Inc., by and through counsel, and under Federal Rule of Civil Procedure 15(a), submits the following First Amended Complaint For Declaratory Relief. In support of this action, Plaintiff makes the following averments:

1. Plaintiff, Builders Insurance Group, Inc. ("Builders"), is a Georgia corporation with its principal place of business at 2410 Paces Ferry Rd SE Ste. 300, Atlanta, GA 30339-1802. Builders is an insurance carrier licensed to do business in Tennessee.

2. Defendant, Signal Mountain Construction, Inc., ("SMC") is a Tennessee corporation with its principal business office address at 601 Signal Mountain Blvd., Signal Mountain, TN 37377. SMC's registered agent for service of process is Jacqueline Hulgan whose address is 1706 S. Holtzclaw Avenue, Chattanooga, Tennessee 37404.

3. Defendants, Dr. Garret Ka Kueng Lam and Jennifer Lynn Lam (the "Lams"), are a married couple, residing in Hamilton County, Tennessee and, upon information and belief, may be served with process at 103 South Drive, Signal Mountain, Tennessee 37377.

1

4. The amount in controversy exceeds $75,000.00 exclusive of interest and cost.

5. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

7. This is a declaratory judgment action.

8. Plaintiff is seeking a declaration related to a general liability policy it issued to Defendant SMC. Specifically, Plaintiff is seeking a declaration related to the insurance policy number GLP 0105064-00 (the "Policy"). A copy of the Policy is attached as Exhibit A. Exhibit A is incorporated by reference as if set forth herein.

9. In accordance with Federal Rules of Civil Procedure 19 and 57 and 28 U.S.C. § 2201, Plaintiff has named the Defendants as parties because they may have claims or interests affected by this declaratory judgment action. No declaration shall prejudice the rights of persons not parties to this action.

10. Plaintiff properly named Dr. Garrett Ka Keung Lam and Jennifer Lynn Lam as Defendants in this action to ensure that it complied with Federal Rule of Civil Procedure 19 and to give these Defendants an opportunity to protect any interests they may have under the Policy or this lawsuit.

11. Builders issued the Policy to SMC on May 26, 2011. The Policy was terminated on August 4, 2011.

12. The Lams purchased real property, located at 103 South Drive, Signal Mountain, Tennessee 37377 (the "Residence"), from SMC on or about June 30, 2011.

13. Prior to transferring ownership to the Lams, SMC had performed extensive renovations to the Residence.

14. On or about June 6, 2013, Dr. Garrett Ka Keung Lam and Jennifer Lynn Lam filed the following action: Dr. Garrett Ka Keung Lam and Jennifer Lynn Lam v. Signal Mountain Construction, Docket No. 13-0403, in the Chancery Court for Hamilton County, Tennessee (the "Lam Complaint"). A copy of the Lam Complaint is attached as Exhibit B. Exhibit B is incorporated by reference as if set forth herein.

15. In the Lam Complaint, the Lams allege counts of Breach of Contract, Defective Construction, Breach of Warranty, Breach of Implied Warranty of Good Workmanship and Materials, and Misrepresentation against Signal Mountain Construction.

16. Plaintiff denies that the claims and associated damages set forth in the Lam Complaint described above come under the coverage afforded by the Policy.

17. Plaintiff denies it owes SMC indemnification pursuant to the expressed declarations of coverage, terms, conditions, definitions, endorsements, exclusions, and amendments to the Policy.

18. The dispute between Plaintiff and Defendant SMC is substantial, immediate and presents a current existing question of law properly justiciable by the Court under 28 U.S.C. §§ 2201 *et seq*.

## **NOTICE**

19. Builders repeats and incorporates the foregoing paragraphs as if set forth fully here.

20. Under Section IV of the Policy, SMC must notify Builders "as soon as practicable of an 'occurrence' or an offense which may result in a claim."

21. The Policy states that the insured will not assume any obligation or incur any expense without SMC's consent.

22. Notice was provided by SMC to Builders on May 28, 2013.

23. SMC received correspondence from counsel for the Lams, Plaintiffs in the underlying Lam Complaint, on April 4, April 23, and May 22, 2013, regarding the anticipated lawsuit. A copy of the April 4, April 23, and May 22, 2013 correspondence from counsel for the Lams to SMC is attached as collective Exhibit B and is incorporated by reference as if set forth herein.

24. The correspondence from the Lams and the Lam Complaint demonstrate that the Lams had previously contacted SMC about their grievances on multiple occasions prior to the April 4, 2013 correspondence.

25. The communications between the Lams and SMC spanning July 2011 through May 2013 would lead a reasonable person to believe that a lawsuit may be filed.

26. SMC did not provide timely notice to Builders of the Lams' claims for damages.

27. In July 2011 through May 2013, SMC incurred expenses and assumed obligations with regard to construction being performed on the Residence and at the request of the Lams without the consent of Builders in violation of Section IV of the Policy.

28. Builders has been prejudiced by the lack of timely notice by SMC.

## BREACH OF CONTRACT

29. Builders repeats and incorporates the foregoing paragraphs as if set forth fully here.

30. Pursuant to the "Contractual Liability" exclusion contained within Section I of the Policy, the Policy does not provide coverage for property damage the insured becomes obligated to pay "by reason of the assumption of liability in a contract or agreement."

31. The Lam Complaint contains allegations that SMC entered into a contract with the Lams for the provision of a "completely renovated and fully functional residence built using good construction practices, in compliance with applicable building codes and manufacturers' warranties and free of defects."

4

32. Any damages occurring due to SMC's breach of contract are not covered by the Policy, and Builders is under no duty to indemnify SMC for any damages related to the Breach of Contract claim alleged in the Lam Complaint.

## DEFECTIVE CONSTRUCTION

33. Builders repeats and incorporates the foregoing paragraphs as if set forth fully here.

34. Under the "Damage to Property" exclusion contained in Section I of the Policy, there is no coverage for property damage to the "particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

35. The "Damage to Your Work" exclusion is amended by the "Residential Faulty, Defective or Poor Workmanship Exclusion" endorsement to the Policy. Under this endorsement, there is no coverage for "any claim or 'suit' for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in 'your work' for which any insured or any insured's employees, contractors, or subcontractors may be liable." Specifically, "this exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance."

36. The Lam Complaint contains allegations of "defective construction." Specifically, the Lam Complaint alleges that SMC's actions and omissions in constructing the Residence caused them to incur damages, including costs to repair and diminution in value.

37. Any damages occurring due to the cost of repair or replacement of any faulty, defective or poor workmanship in SMC's work are not covered by the Policy.

38. Builders is under no duty to indemnify SMC for any damages related to the Defective Construction claim alleged in the Lam Complaint.

5

## BREACH OF WARRANTY

39. Builders repeats and incorporates the foregoing paragraphs as if set forth fully here.

40. The Lam Complaint contains allegations that a written "Builder's Warranty" was issued.

41. Pursuant to the "Contractual Liability" exclusion contained in Section I of the Policy, no coverage is provided for property damage that the insured becomes obligated to pay "by reason of the assumption of liability in a contract or agreement."

42. The "Builder's Warranty" is a contract between SMC and the Lams.

43. Any damages due to the breach of this contract are not covered by the Policy.

44. Builders is under no duty to indemnify SMC for any damages they may be required to pay because SMC breached the "Builder's Warranty" as alleged in the Lam Complaint.

## BREACH OF IMPLIED WARRANTY OF GOOD WORKMANSHIP AND MATERIALS

45. Builders repeats and incorporates the foregoing paragraphs as if set forth fully here.

46. The Lam Complaint contains allegations that SMC's defective construction and omissions related to its work breached SMC's implied warranty of good workmanship and materials.

47. Under the "Damage to Property" exclusion contained in Section I of the Policy, no coverage exists for property damage to the "particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

48. Any damages resulting from a breach of the implied warranty of good workmanship and materials due to SMC's defective construction or omissions are excluded from coverage by the Policy.

49. Builders is under no duty to indemnify SMC for any damages SMC may be required to pay by reason of their breach of the implied warranty of good workmanship and materials as alleged in the Lam Complaint.

## **MISREPRESENTATION**

50. Builders repeats and incorporates the foregoing paragraphs as if set forth fully here.

51. The Lam Complaint includes a claim of misrepresentation on the part of SMC during the negotiation and purchase process and after the purchase of the Residence was complete.

52. Pursuant to the "Real Estate Agents or Brokers Errors of Omissions" endorsement of the Policy, there is no coverage under the Policy for any "'bodily injury,' 'property damage' or 'personal and advertising injury' arising out of any misrepresentation, error or omission" by SMC.

53. Any damages awarded as a result of a misrepresentation on the part of SMC are not covered by the Policy.

54. Builders is under no duty to indemnify SMC for any damages SMC may be required to pay related to the misrepresentations as alleged in the Lam Complaint.

## **PRIOR COMPLETED WORK**

55. Builders repeats and incorporates the foregoing paragraphs as if set forth fully here.

56. Pursuant to the "Prior Completed Operations Exclusion," the Policy does "not apply to 'property damage' arising out of 'your work' if 'your work' was completed… prior to the first date of coverage…"

57. The Policy was issued and coverage began on May 26, 2011. The residence at issue was sold to the Lams on June 30, 2011.

58. Any damages due to work completed by SMC prior to May 26, 2011 are not covered by the Policy.

59. Builders has no duty to indemnify SMC for any damages related to work completed prior to May 26, 2011 as alleged in the Lam Complaint.

### FUNGUS AND/OR MOLD COVERAGE

60. Builders repeats and incorporates the foregoing paragraphs as if set forth fully here.

61. The Lam Complaint contains allegations regarding water intrusion and the likelihood of future mold problems as a result.

62. Pursuant to the "Limited Fungi or Bacteria Coverage endorsement" to the Policy, any property damage caused by mold is limited to $2,500.00, with an applicable $2,000 deductible.

### EXTERIOR STUCCO FINISH

63. Builders repeats and incorporates the foregoing paragraphs as if set forth fully here.

64. The Lam Complaint contains allegations of problems with the exterior stucco finish of the residence at issue.

65. Pursuant to the "Exterior Insulation and Finish Systems" exclusion endorsement to the Policy, there is no coverage for any property damage caused by or attributable to the exterior insulation and finish system.

66. Despite the foregoing exclusions from coverage, Builders notified SMC that it would provide a legal defense against the Lam Complaint under a full reservation of rights based upon its duty to defend.

67. This Reservation of Rights letter referenced in the preceding paragraph is attached as Exhibit D. Exhibit D is incorporated by reference as if set forth herein.

68. All of the claims alleged in the Lam Complaint are excluded from the risks covered by Builders under the Policy.

The Plaintiff respectfully prays that:

1. Process issue and be served on each of the named Defendants and that each Defendant be required to appear and answer in accordance with the Federal Rules of Civil Procedure;

2. A judgment, binding on all parties and declaring the rights and legal obligations of Builders and SMC under the Policy as set forth in the Lam Complaint, be entered under Fed. R. Civ. P. 57;

3. The Court enter an Order of Judgment declaring that Plaintiff owes no duty or indemnity to Defendant SMC pursuant to the terms of the Policy for the claims set forth in Dr. Garrett Ka Keung Lam and Jennifer Lynn Lam v. Signal Mountain Construction, Docket No. 13-0403, in the Chancery Court for Hamilton County;

4. An order be entered declaring that Builders' duty to indemnify SMC only extends to proven damages that are within the risks covered by the Policy, which exclude any damages as a result of claims alleged in the Lam Complaint;

5. The Court order a speedy hearing of this declaratory judgment action under Federal Rule of Civil Procedure 57; and

6. The Court grant any further relief which it deems just and appropriate.

Respectfully submitted,

MOORE INGRAM JOHNSON & STEELE, LLP

s/ Brent R. Laman
Brent R. Laman, BPR No. 32214
Cedar Ridge Office Park
408 N. Cedar Bluff Road, Suite 500
Knoxville, TN 37923
(865)692-9039

9

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a true and correct copy of the foregoing **First Amended Complaint** has been filed electronically and has been served upon the following parties in interest herein by delivering same to the offices of said parties in interest, or by mailing same to the offices of said parties in interest by U.S. Mail with sufficient postage thereon to carry the same to its destination, addressed as follows:

>Dr. Garrett Ka Keung Lam and
>Jennifer Lynn Lam
>103 South Drive
>Signal Mountain, Tennessee 37377
>
>Signal Mountain Construction, Inc.
>(c/o)Jacqueline Hulgan
>1706 S. Holtzclaw Avenue
>Chattanooga, Tennessee 37404

This  7th  day of      July     , 2014.

>s/ Brent R. Laman
>Brent R. Laman